UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mutual Real Estate Holdings,
LLC, d/b/a Re/MAX Elite

   v.                                    Civil No. 10-cv-236-LM

Houston Casualty Company and
Lexington Insurance Company


**O R D E R**

Mutual Real Estate Holdings, LLC ("Mutual") moves the court to reconsider its order granting summary judgment to Lexington Insurance Company ("Lexington"). Mutual appears to argue that the court committed a manifest error of law, see LR. 7.2(e), by ruling that the policy Lexington issued Mutual cannot reasonably be construed to be an "occurrence" policy. Mutual's motion for reconsideration is denied.

According to Mutual, the Insuring Agreement section of its Lexington policy can reasonably be read as providing coverage for claims made against Mutual by third parties when those claims are reported to Lexington "in one of three time periods: (1) pursuant to the terms of the policy; (2) within the policy period; or (3) during the Basic or Extended Reporting Period." Pet'r's Mot. Recons. (doc. no. 48) ¶ 3. Construing the phrase "pursuant to the terms of the policy" as denoting a time period,

and then placing that phrase in a disjunctive series along with two phrases that unambiguously refer to actual time periods expressly defined elsewhere in the policy must surely qualify as an "amazing feat[ ] of linguistic gymnastics." Brickley v. Progressive N. Ins. Co., 160 N.H. 625, 627 (2010) (citation omitted).

Beyond that, the particular term of the policy Mutual would call a time period for reporting claims to Lexingtion, i.e., "pursuant to the terms of this policy" construed to mean "as soon as practicable after such Claim is first made," would make the policy's references to the Basic and Extended Reporting Periods meaningless.  That is, under Mutual's construction, if an insured did not pay the additional premium required for the Extended Reporting Period, and reported a claim against it after the end of the Basic Reporting Period, but as soon as practicable after the claim was made, the insured would be entitled to coverage.  Given that the policy requires additional premiums for coverage for claims reported to Lexington after the end of the Basic Reporting Period, Mutual's interpretation of the policy is not reasonable.

Moreover, Mutual's reliance on the "as soon as practicable" language in the Notice of Claim provision appears to be based on

a fundamental misreading of that provision.  Section V.B.(1) of the policy provides:

> As a condition precedent to any right to coverage afforded by this policy, the **Insured** must give written notice to the Company of any **Claim** as soon as practicable after such **Claim** is first made during the **Policy Period** or 30 day Basic Reporting Period or the Extended Reporting Period (if applicable), and as otherwise required by the policy . . .

Resp't's Mot. Summ. J., Ex. G (doc. no. 30-8), at 18 (emphasis in the original).  Given Mutual's acknowledgement that the Insuring Agreement requires that "the claim from the third party to the insured must be made during the policy period," Pet'r's Mot. Recons. ¶ 5, the phrase "during the policy period or 30 day Basic Reporting Period or the Extended Reporting Period (if applicable)" cannot be construed as describing when the third party's claim has to be made against the insured and must be construed as describing when the insured must report to Lexington a claim that has been made against it.  In other words, the context from which Mutual draws the "as soon as practicable" language on which it relies demonstrates, beyond question, that that phrase cannot be reasonably construed as abrogating the requirement that, to be entitled to coverage, an insured must report third-party claims against it to Lexington within the Policy Period, or during any applicable extended reporting period.  In short, the Notice of Claim section of the

3

policy contains the same reporting requirement Mutual would use the "as soon as practicable" language to read out of the Insuring Agreement section.

Based on the foregoing, the only reasonable interpretation of the Insuring Agreement is that it requires claims to be reported to Lexington within the Policy Period or, if applicable, during the Basic or Extended Reporting Periods, and pursuant to the terms of the policy, which include the requirement that claims be reported as soon as practicable after they are first made, but before the end of the applicable reporting period.

Even if the Insuring Agreement could reasonably be construed in the manner suggested by Mutual, problems remain. With Mutual's gloss on the phrase "pursuant to the terms of this policy," the Insuring Agreement would effectively read:

> The Company will pay on behalf of the Insured Damages for which the Insured becomes legally obligated to pay because of any Claim first made against the Insured during the Policy Period and reported in writing to the Company as soon as practicable after such Claim is first made during the Policy Period or 30 day Basic Reporting Period or the Extended Reporting Period (if applicable).

Mutual's construction of the Insuring Agreement does not eliminate the requirement that a third party's claim against the insured be made during the Policy Period.  Given that an "occurrence" policy is one that "provides coverage for claims

4

based on an event occurring during the policy period, 'regardless of whether the claim is brought to the attention of the insured or made known or made known to the insurer during the policy period,'" Bates v. Vt. Mut. Ins. Co., 157 N.H 391, 398 (2008) (emphasis added, citation omitted), the construction Mutual proposes does not reasonably lead to a conclusion that the policy at issue is an "occurrence" policy.  Even under Mutual's construction, the policy would only provide coverage for claims first made against the insured during the Policy Period.  Such a limitation is hardly the hallmark of an "occurrence" policy.

    Because the court committed no manifest error of law in ruling that Mutual's Lexington policy cannot be reasonably construed to be an "occurrence" policy, Mutual's motion for reconsideration is denied.

    SO ORDERED.

                                                         _____
                                                         Landya McCafferty
                                                         United States Magistrate Judge

September 8, 2011
cc:  Christopher H.M. Carter, Esq.
     Sarah A. Kutner, Esq.
     Aidan M. McCormack, Esq.
     Mark D. Morrissette, Esq.
     Danielle L. Pacik, Esq.
     Ralph Suozzo, Esq.