UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Mutual Real Estate Holdings,
LLC, d/b/a RE/MAX Elite

   v.                                                      Civil No. 10-cv-236-LM

Houston Casualty Company


**O R D E R**

Before the court is a motion for reconsideration filed by Mutual Real Estate Holdings, LLC ("Mutual"). Houston Casualty Company ("Houston") objects. Mutual's motion is denied.

According to Mutual, the court committed a manifest error of law by failing to consider two cases on which it relied, Shaheen, Cappiello, Stein & Gordon, P.A. v. Home Insurance Co., 143 N.H. 35 (1998), and Bianco Professional Association v. Home Insurance Co., 144 N.H. 288 (1999). Mutual is mistaken. The court did not discuss those cases in its previous order because they are not relevant to any issue in this case.

In Shaheen, the question was whether an insured had met its obligation under a notice-of-claim provision to provide written notice to its insurer "of any act or omission which would reasonably be expected to be the basis of a claim or suit covered hereby." 143 N.H. at 39 (emphasis omitted). The New

Hampshire Supreme Court held the policy in Shaheen to be ambiguous and construed it in favor of the insured.  See id. at 41.

Here, the court was not faced with any issue concerning Mutual's duty to report to Houston or the reasonableness of Mutual's beliefs about the likelihood that an act or omission might ripen into a covered claim or suit.  Rather, the question before this court was whether the Desrosiers' July 8, 2009, letter was a "claim," as that term is defined in the insurance policy Houston issued to Mutual.  Neither Shaheen nor Bianco offers any guidance on how to construe the term "claim."  And, those cases do not stand for the proposition that Attorney St. George's assessment of the merits of the Desrosiers' position has any relevance to determining whether or not their letter was a "claim."  Hence, the court did not discuss Shaheen or Bianco in its previous order.

Because Shaheen and Bianco have no bearing on the question of law posed by Houston's summary judgment motion, it was no error, much less a manifest error of law, to leave those cases out of the order granting summary judgment to Houston.

Accordingly, Mutual's motion for reconsideration, document no. 53, is denied.

    SO ORDERED.

                                        _____
                                        Landya McCafferty
                                        United States Magistrate Judge

October 12, 2011

cc:   Christopher H.M. Carter, Esq.
      Sarah A. Kutner, Esq.
      Aidan M. McCormack, Esq.
      Mark D. Morrissette, Esq.
      Danielle L. Pacik, Esq.
      Ralph Suozzo, Esq.